**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
KARYN L. IHARA, SB# 298950
  E-Mail: Karyn.Ihara@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant MASERATI NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KENZO R. SOBRIE, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>MASERATI NORTH AMERICA, INC., a Delaware Corporation, MIDWAY/HFCA LLC, a business entity, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.<br><br>**DEFENDANT MASERATI NORTH AMERICA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1331 AND 1441(c) (FEDERAL QUESTION JURISDICTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that defendant MASERATI NORTH AMERICA, INC. ("Defendant"), by its counsel LEWIS BRISBOIS BISGAARD & SMITH, LLP, hereby removes to this court, pursuant to 28 U.S.C. sections 1331 and 1441(c) (federal question jurisdiction), the claims pending as Case No. 23STCV09610 of the Superior Court of California, County of Los Angeles.

In support of this removal, Defendant states as follows:

## THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff Kenzo R. Sobrie against Defendant, entitled *Kenzo R. Sobrie v. Maserati North America, Inc., et al.*, Case No. 23STCV09610 (the "State Action").

2. Plaintiff filed the State Action on April 28, 2023, asserting breach of express and implied warranty claims against Defendant under the Federal Magnuson Moss Warranty Act and California's Song-Beverly Consumer Warranty Act.

## PROCEDURAL REQUIREMENTS

3. Defendant has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Defendant was served with a copy of the Complaint on May 2, 2023. (Declaration of Karyn L. Ihara ("Ihara Decl.") ¶ 5.) This Notice of Removal is therefore timely filed.

4. Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders for the State Action in Defendant's possession are contained in **Exhibit A** filed herewith.

5. Pursuant to 28 U.S.C. section 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. section 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. section 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

///

///

94625368.1 #94625368.v1   2

DEFENDANT'S NOTICE OF REMOVAL TO THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1331 AND 1441(c) (FEDERAL QUESTION JURISDICTION)

8. Consistent with Congress's intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not *sua sponte* remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987) ("This court has noted that *sua sponte* dismissals without prior notice or opportunity to be heard are 'hazardous' . . . . A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect."). Thus, if any question arises as to the propriety of this removal, Defendant requests the opportunity to amend this notice of removal following any necessary discovery, briefing, and oral argument.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

## **FEDERAL QUESTION JURISDICTION EXISTS BECAUSE PLAINTIFF ALLEGES A CLAIM UNDER THE FEDERAL MAGNUSON MOSS WARRANTY ACT AND THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

10. As noted above, Plaintiff's Complaint alleges breach of express and implied warranty claims against Defendant under the Federal Magnuson Moss Warranty Act and California's Song-Beverly Consumer Warranty Act. The Magnuson Moss Warranty Act is a federal statute, and thus the first requirement for federal question jurisdiction is met.

11. The amount in controversy requirement is also met. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee*

*Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegations regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (holding that the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability, and vacating the District Court's order to remand the case to state court); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless it is legally impossible for plaintiff to recover that much and reversing District Court's decision to remand the case to state court).

13. Defendant can demonstrate that the amount in controversy exceeds $50,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

14. **The amount in controversy in this action exceeds $50,000, exclusive of interest and costs, as required for claims under the Magnuson Moss Warranty Act** (*see 15* U.S.C. § 2310(d)(3)(B)), **for the following reasons**:

    (i)    This "Lemon Law" action arises out of Plaintiff's 2022 Maserati MC20, vehicle identification number ZAM24BXA5N0379796, ("Subject Vehicle"). (*See* Ihara Decl. ¶ 5.)

    (ii)    Plaintiff alleges he is entitled to restitution and a statutory repurchase for the Subject Vehicle. (*Id.* ¶ 4, Ex. A, Complaint, Prayer for Relief (b) and (c).)

    (iii)    Moreover, Plaintiff seeks to recover a civil penalty in the amount of two times Plaintiff's actual damages. (*Id.* ¶ 4, Ex. A, Complaint, Prayer for Relief (d).)

    (iv)    Plaintiff also seeks recovery of his attorneys' fees. (*Id.* ¶ 4, Ex. A, Complaint, Prayer for Relief (g).)

    (v)    Additionally, Plaintiff seeks to recover prejudgment interest. (*Id.* ¶ 4, Ex. A, Complaint, Prayer for Relief (h).)

15. The MSRP for the Subject Vehicle is approximately $212,000. (Ihara Decl., Exh. B.)

16. Civil penalties under the Song-Beverly Act are properly included in the amount in controversy calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009, 1011 (N.D. Cal. 2002).

17. Reasonable estimates of attorney's fees are also properly included in the amount in controversy for Song-Beverly Act claims and Magnuson-Moss Warranty Act claims. *Id.* at 1011; *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022) ("We hold that attorneys' fees are not "costs" within the meaning of the MMWA and therefore may be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes."). In fact, the court in *Fritsch v. Swift Transp. Co. of Ariz., LLC* held that "if a plaintiff would be entitled

under a contract or statute to future attorneys' fees, such fees are at stake in litigation and should be included in the amount in controversy." 899 F.3d 785, 788 (9th Cir. 2018). Typically, attorney's fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). However, where underlying statutes, such as the Song-Beverly Act and Magnuson-Moss Warranty Act, authorize an award of attorney's fees, such fees may be included in calculating the amount in controversy. *See id.*; *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

18. Plaintiff's-side attorneys in Song-Beverly cases who have tried or prepared for trial regularly request more than $50,000 in attorneys' fees. *See, e.g., Hall v. FCA US LLC*, 2018 U.S. Dist. LEXIS 85048, at *8–9 (E.D. Cal. May 21, 2018) (plaintiffs' counsel sought $82,110 in fees ); *Ruiz v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 76855, at *22 (C.D. Cal. May 7, 2018) (plaintiff's counsel sought $203,966 in fees); *Garcia v. FCA US LLC*, 2018 U.S. Dist. LEXIS 37594, at *8 n.1 (E.D. Cal. Mar. 7, 2018) (plaintiff's counsel sought $60,615 in fees); *Davtian v. Jaguar Land Rover N. Am. LLC*, 2017 U.S. Dist. LEXIS 30600, at *3 (C.D. Cal. Mar. 3, 2017) (plaintiffs' counsel sought $195,125 in fees); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 464 (2016) (trial court awarded $185,000 in attorneys' fees and costs).

19. Thus, the amount in controversy based on restitution, a two times civil penalty, and attorneys' fees that are allowed by statute, will exceed $75,000.00, exclusive of interest and costs.

20. Based on the foregoing, all requirements for federal question jurisdiction and removal jurisdiction have been met.

## CONCLUSION

21. Consequently, the State Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. section 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States

District Court for the Central District of California, (ii) the action involves a federal question, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED: May 25, 2023        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Karyn L. Ihara
KARYN L. IHARA
Attorneys for Defendant MASERATI NORTH AMERICA, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

94625368.1                                                             1
DEFENDANT'S NOTICE OF REMOVAL TO THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA UNDER 28 U.S.C. SECTIONS 1331 AND 1441(c) (FEDERAL QUESTION JURISDICTION)